UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().                                          Case No. 03-CR-80073
                                                Case No. 05-CV-70649-DT

HAZLEY DOZIER,

    Defendant.
                                                 /

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

    Pending before the court is Defendant Hazley Dozier's February 18, 2005 motion to vacate his sentence, filed under 28 U.S.C. § 2255. For the reasons set forth below, Defendant's motion will be denied.

**I. BACKGROUND**

    Defendant was indicted by a federal grand jury on February 5, 2003 and charged with three counts: felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1), possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A). Defendant was convicted based on his guilty plea, pursuant to a Rule 11 plea agreement that he signed on May 6, 2003.[1] The Rule 11 agreement provided that Defendant would plead guilty to counts one and three of the

---

[1] Defendant had a few weeks earlier rejected the same plea offer and stated his intention to proceed to trial on all counts.

indictment, and that count two would be dismissed by the government following the court's acceptance of Defendant's plea and sentencing. Under Rule 11(e)(1)(B), the agreement provided that the government would make a non-binding recommendation that a sentence of 123 months would be "an appropriate disposition." Rule 11(e)(1)(B). Defendant stated, under oath at the plea hearing and in writing on page 3 of the written agreement, that he understood that the recommendation was non-binding and that the court could sentence him to a term higher than 123 months without triggering any right to withdraw from the agreement. (Gov't Resp. at Ex. 2.) Finally, the agreement contained a provision wherein Defendant agreed to waive his right to appeal in the event the court imposed a sentence equal to or less than the recommended 123 months. (*Id.*)

During his plea hearing, Defendant testified that he fully understood and agreed with the terms of the Rule 11 agreement. He acknowledged that no one had forced or threatened him to sign it, and that no one had made any promises not contained in the Rule 11 agreement itself or done anything improper in his view. (5/27/03 Plea Hr'g Tr. at 26-36; 8/7/03 Sentencing Tr. at 13-16.)

On August 7, 2003, the court imposed a sentence on Defendant of 128 months imprisonment.

Defendant now seeks to vacate his sentence, claiming that one or the other of the two attorneys representing him at different times in the pendency of the case were ineffective for (1) failing to file an appeal, (2) failing to communicate to the government that Defendant wanted to enter a plea of guilty, and (3) failing to object to the court sentencing him to a term higher than that recommended by the government.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

In order to successfully prove a claim for ineffective assistance of counsel, Defendant must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged.  *Id.* at 689; *see also Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance").  It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.

### A. Failing to file an appeal

Defendant first claims that he received ineffective assistance of counsel from Attorney Sanford Schulman because the lawyer failed to file an appeal as Defendant asked. (Def.'s Mot. Br. at 6.) The sentence Defendant received was some five months greater than that recommended by the government. Under the terms of the Rule 11(e)(1)(B) agreement, Defendant waived his right to appeal unless the sentence imposed exceeded "the maximum sentence described in ¶ 2 of this agreement . . . " (R. 11 Agreement. at ¶ 5), which was 123 months. Inasmuch as Defendant's sentence was 128 months, Defendant retained his right to file an appeal in this instance.

Nonetheless, Defendant does not indicate what, if anything, the Defendant would have complained about in such an appeal. There could be no sustainable complaint about the sentence of 128 months, as it was imposed within correctly calculated guidelines and entirely consistent with the Rule 11 agreement; there could be no sustainable complaint about the guilt of Defendant, which he admitted fully under oath; there could be no sustainable complaint about voluntariness and understanding of the plea, as these were exhaustively explored on the record. Any appeal, therefore, must have been futile, and there is no prejudice demonstrated. Because there is no showing of actual prejudice, Defendant's ineffective assistance claim fails. *Strickland*, 466 U.S. at 670 (noting that "a court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The Supreme Court has instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which

we expect will often be [the case], that course should be followed." *Id.*

Defendant cannot satisfy his burden of showing that his conviction or sentence would have been different if his attorney had filed an appeal. *See Lucas v. O'Dea*, 179 F.3d 412, 418, (6th Cir. 1999) (requiring "a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different."). In the absence of even the articulation of alleged actual prejudice, Defendant's ineffective assistance of counsel claim will be dismissed.

**B. Failing to communicate Defendant's desire to enter into a plea agreement**

Defendant claims that he instructed his first attorney, Carla Marable, that he wanted to accept a five-year maximum plea offer. (Def.'s Mot. Br. at 7.) Plaintiff avers that such a proposal from the government was passed on to him by Marable. The government disputes the existence of a plea offer of this character, and submits a copy of the only letter sent to Ms. Marable, on March 6, 2003, outlining a plea agreement. (Gov't's Resp. at 1.) The only evidence of an offer made to Defendant *by the government* is contained therein. Attached to the letter, also dated March 6, 2003, was the proposed Rule 11 agreement that was eventually entered on May 6, 2003 after Schulman had come in to represent the Defendant. The agreement makes amply clear that there was a mandatory consecutive sentence connected to Count Three, and that the guideline range was estimated to be between 111 to 123 months.

Defendant avers that Marable told him in April 2003, that the government "had extended a Rule 11 plea offer of 5 years." (Def.'s Mot. Br. at 7.) The court notes that the April statement was made, if at all, after the date of the March 6, 2003, letter in which a mandatory five-year term, consecutive to a range of 51 to 63 months, was

explained in an attached Worksheet D.  If Attorney Marable said anything to Defendant to the contrary, she was obviously mistaken.  The government cannot be bound by mistaken statements nor misunderstandings of attorneys representing defendants.  Unauthorized plea bargain offers, even those that amount to "promises" made by government investigators, are not binding on the government absent exceptional circumstances.  *LaPorta v. United States,* 651 F.Supp. 884, 890 (E.D. Pa. 1986); *see also United States v. Hudson,* 609 F.2d 1326, 1328-28 (9th Cir. 1979) (government not bound by Secret Service Agent's unauthorized promise to defendant); *United States v. Lombardozzi,* 467 F.2d 160, 162 (2d Cir.1972) (government not bound by FBI agent's assurances).  It is obvious that if a *government* agent cannot bind the United States Attorney, a *defendant's* attorney cannot bind the government with an unauthorized "offer."  The evidence presented shows only that there was no government offer to allow the Defendant to plead guilty with a *total* exposure limited to five years.

Defendant cannot satisfy the burden of showing that his sentence would have been different if his attorney had communicated his asserted desire to plea guilty to a charge carrying only a five-year maximum.  *Lucas,* 179 F.3d at 418.  Thus, Defendant's second claim of ineffective assistance of counsel fails.

### C.  Failing to object to the sentence

Defendant lastly claims that he received ineffective assistance of counsel from Attorney Sanford Schulman because Schulman failed to object to the 128 month sentence imposed.  As explained above, the Rule 11(e)(1)(B) agreement stated, and the Defendant specifically expressed his understanding in writing and on the record, that the sentence imposed might exceed the maximum sentence described in ¶ 2 of the

6

agreement, which was 123 months (the top of the estimated, but incorrect, guideline range). (R. 11 Agreement at ¶ 2A.) The court's colloquy with the Defendant was, in part, as follows:

> THE COURT: But even if I calculate a higher sentencing range, even if I think your drug charge could carry a, say a 70-month sentence instead of a 60-month sentence, that fact alone does not give you any right to back out of your guilty plea. You're still permanently pleading guilty in this case. Do you understand that, sir?
> THE RESPONDENT: Yes.
> THE COURT: And then, of course, on count three there isn't any calculation to do. It's just five-year period on top of whatever you get on the drug charge. You understand that, sir?
> THE RESPONDENT: Yes.

(5/27/03 Plea Hr'g Tr. at 30)

Defendant cannot satisfy the burden of showing that his sentence would have been different if his attorney had objected to the sentence imposed. Any such objection would have been futile in view of the Defendant's acknowledgments made under oath months before. *Lucas,* 179 F.3d at 418.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 [Dkt. # 24] is DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2005

7

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2005, by electronic and/or ordinary mail.

             S/Lisa G. Teets
            Case Manager and Deputy Clerk
            (313) 234-5522

S:\Cleland\DEM\2255s\03.80073.DOZIER.OrderDenyingMotionToVacate.3.wpd