# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                        Case No. 03-CR-80073-DT

v.                                      Case No. 05-CV-70649-DT

HAZLEY DOZIER,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING DEFENDANT'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pending before the court is Defendant's motion for a certificate of appealability [Dkt. # 35] and application for leave to appeal *in forma pauperis* [Dkt. # 38].  For the reasons stated below, the court will grant Defendant's motion for a certificate of appealability and will grant Defendant leave to appeal *in forma pauperis.*

## I.  STANDARD

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.   28 U.S.C. § 253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The Defendant must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.  DISCUSSION

### A.  Motion for a Certificate of Appealability

In his "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" Defendant presented three claims of ineffective assistance of counsel.  In his motion for a certificate of appealability, however, Defendant takes issue only with the court's denial of his § 2255 motion in relation to his claim that his attorney, Sanford Schulman, failed to file an appeal as Defendant requested relating to his sentence.

Defendant received a sentence five months greater than the sentence recommended by the government in his Rule 11(e)(1)(B) agreement.  In that agreement, Defendant waived his right to appeal unless the sentence imposed exceeded "the maximum sentence described in ¶ 2 of th[e] agreement . . ." (Rule 11 Agreement at ¶ 5), which was 123 months.  Inasmuch as Defendant's sentence was 128 months, Defendant retained his right to appeal his sentence.

In its August 12, 2005 order, the court noted that Defendant did not indicate what, if anything, he would have complained about in an appeal.  (8/12/05 Order at 4.) The court also noted that the 128 month sentence was within correctly calculated guidelines and entirely consistent with the Rule 11 agreement and that there could be no sustainable complaint about Defendant's guilt, which he fully admitted under oath. (*Id.*)  The court also noted that the voluntariness and comprehension of Defendant's plea were exhaustively explored on the record and that any appeal on the part of Defendant, therefore, would have been futile, and there was no prejudice demonstrated.

2

In sum, the court determined that Defendant could not satisfy his burden of showing that his conviction or sentence would have been different if his attorney had filed an appeal. *See Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (requiring "a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different.").[1]

The court acknowledges that the *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) court stated that:

> [E]very Court of Appeals has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. . . .  We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment.

*See also* Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodener*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir. 1988).

In light of *Ludwig*, reasonable jurists could conclude that Defendant's counsel provided ineffective assistance and, subsequently, that Defendant is entitled to a delayed appeal.

Defendant's motion for a certificate of appealability, therefore, is granted.

---

[1]    The court also notes that the judgment in this case was entered on August 7, 2003, the judgment was returned executed on February 3, 2004, and Defendant's §2255 motion was filed on February 18, 2005.  Pursuant to 28 U.S.C. § 2255, there is a one year statue of limitations that runs from the date on which the judgment of conviction becomes final, which Defendant has exceeded.  28 U.S.C. § 2255.

**B.  Motion for Leave to Appeal *In Forma Pauperis***

Additionally, Defendant has filed a "Motion to Proceed Without Payment of Filing Fees."  Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. §1915(a)(3).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  The court finds that Defendant's appeal is in good faith and will grant Defendant's request to proceed without prepayment of the filing fee.

## III. CONCLUSION

IT IS ORDERED that Defendant's Motion for a Certificate of Appealability [Dkt. #35] is GRANTED as to the following:

> Was Defendant denied the effective assistance of counsel because his attorney did not file a direct appeal on his behalf?

IT IS ALSO ORDERED that Defendant's Motion for Leave to Appeal *In Forma Pauperis* [Dkt. #38] is GRANTED.

 

 

                        S/Robert H. Cleland             

                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522