**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.

HAZLEY LEE DOZIER,

    Defendant.
                                   /

Crim. No. 03-CR-80073-DT
Civil No. 05-CV-70649-DT

**OPINION AND ORDER GRANTING EVIDENTIARY HEARING
AND APPOINTING COUNSEL**

Petitioner Hazley Lee Dozier is a federal prisoner who, pursuant to a Rule 11 plea agreement, pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). Under the plea agreement, the Government made a non-binding recommendation of 123 months. On August 7, 2003, the court imposed a sentence of 128 months imprisonment. Dozier raised three ineffective assistance of counsel claims in his February 18, 2005 *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which the court denied on the merits. After Dozier appealed the denial of his § 2255 motion, the court granted Dozier's motion for a certificate of appealability on his claim that his counsel was ineffective in failing to file an appeal on Dozier's behalf.[1]

---

[1] Dozier also attempted to appeal the court's denial of a separate ineffective assistance of counsel claim, which the Sixth Circuit rejected as abandoned because Dozier failed to request a certificate of appealability on that claim. (*See* 08/03/06 6th Cir. Order at 2.)

In its August 3, 2006 order, the Sixth Circuit stated that because an attorney's failure to file a direct appeal per his client's request is a *per se* violation of the Sixth Amendment, "the district court erred when it relied on a lack of prejudice to deny this claim." (08/03/06 6th Cir. Order at 3.)  Accordingly, the Sixth Circuit remanded for this court to decide whether "Dozier asked his attorney to file a direct appeal." (*Id.*)  Because this court rejected Dozier's § 2255 motion on the merits, this court did not address Dozier's that the one-year statute of limitations period for § 2255 motions should be equitably tolled.  Therefore, the Sixth Circuit has also directed this court to consider Dozier's claim that "he exercised due diligence in pursuing his right to appeal, and that he is entitled to equitable tolling of the statute of limitations." (*Id.* at 4.)  The court finds that a evidentiary hearing is necessary to resolve these issues.

The evidentiary hearing shall be limited to the following issues: (1) Dozier's claim that he asked his attorney to file a direct appeal; and (2) Dozier's claim that the statute of limitations should be equitably tolled because, in response to Dozier's numerous inquiries, his attorney assured him that he was working on Dozier's appeal, and that Dozier was unaware that his appeal was not filed until after the limitations period had expired.  Further, "[t]he interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard v. Purkett*, 29 F.3d 469, 471 (6th Cir. 1994); *see also* Rule 8, Rules Governing § 2254 Cases. Accordingly,

IT IS ORDERED that the Federal Defender Office, 645 Griswold Street, Suite 2255, Detroit, Michigan, 48226, telephone number (313) 961-4150, is APPOINTED to represented Petitioner in this case.  Such representation shall continue unless

terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel.  After an appearance is filed, the court will schedule a status conference to discuss the timing and logistics of the evidentiary hearing.

         S/Robert H. Cleland  
         ROBERT H. CLELAND  
         UNITED STATES DISTRICT JUDGE

Dated:  December 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2006, by electronic and/or ordinary mail.

         S/Lisa Wagner  
         Case Manager and Deputy Clerk  
         (313) 234-5522