UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAZLEY DOZIER,

    Defendant.
                                               /

Crim. No. 03-CR-80073-DT
Civ. No. 05-CV-70649-DT

**ORDER DENYING DEFENDANT'S §2255 MOTION TO VACATE SENTENCE**

Pending before the court is Defendant Hazley Dozier's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In his motion, Defendant alleges that his attorney failed to file a notice of appeal upon his request following the imposition of his sentence. The court conducted an evidentiary hearing concerning Defendant's claim on March 5, 2007. For the reasons set forth below, the court will deny Defendant's motion.

**I. BACKGROUND**

Defendant was indicted by a federal grand jury on February 5, 2003 and charged with three counts: felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1), possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A). Defendant was convicted based on his guilty plea, pursuant to a Rule 11 plea agreement that he signed on May 6, 2003.[1] The Rule

---

[1] Defendant had a few weeks earlier rejected the same plea offer and stated his intention to proceed to trial on all counts.

11 agreement provided that Defendant would plead guilty to counts one and three of the indictment, and that count two would be dismissed by the government following the court's acceptance of Defendant's plea and sentencing. Under Rule 11(e)(1)(B), the agreement provided that the government would make a non-binding recommendation that a sentence of 123 months would be "an appropriate disposition." Fed. R. Civ. P. 11(e)(1)(B). Defendant stated, under oath at the plea hearing and in writing on page 3 of the written agreement, that he understood that the recommendation was non-binding and that the court could sentence him to a term higher than 123 months without triggering any right to withdraw from the agreement. (Gov't's Resp. at Ex. 2.) Finally, the agreement contained a provision wherein Defendant agreed to waive his right to appeal in the event the court imposed a sentence equal to or less than the recommended 123 months. (*Id.*)

During his plea hearing, Defendant testified that he fully understood and agreed with the terms of the Rule 11 agreement. He acknowledged that no one had forced or threatened him to sign it, and that no one had made any promises not contained in the Rule 11 agreement itself or done anything improper in his view. (5/27/03 Plea Hr'g Tr. at 26-36; 8/7/03 Sentencing Tr. at 13-16.)

On August 7, 2003, the court imposed a sentence on Defendant of 128 months imprisonment. At the sentencing hearing, the court went into extensive detail with Defendant to reassure the court – as well as various onlookers[2] – that he was indeed

---

[2] Defendant's mother had sent a letter to the court in preparation for sentencing alleging that Defendant considered himself "set up," and actually innocent of the charges to which he had entered a plea of guilty. The mother was present in court and seemed to the court emotionally overwrought during the proceeding.

guilty as charged of the offenses of conviction. He clearly answered the court's and his attorney's questions to that effect.

Defendant now seeks to vacate his sentence, claiming that his attorney was ineffective for failing to file an appeal upon request.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

Defendant argues that his counsel was ineffective for failing to file a notice of appeal on his behalf, as he requested. (Def.'s Mot. at 4-7.) The court notes, but does not rely upon, Defendant's agreement in his Rule 11 agreement to waive "any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the ground that the sentence was imposed as a result of an incorrect application of the sentencing guidelines." (Rule 11 Agreement at ¶ 5.) Pursuant to the plea agreement, Defendant retained the right to appeal based upon "a finding or

3

conclusion affecting his offense level under the sentencing guidelines [if he received] a sentence greater than the maximum described in para[graph] two of th[e] agreement" and the "finding or conclusion differ[ed] from what is contained in the stipulated worksheets." (*Id.*)  The court observes that an appeal taken by Defendant would likely have been unsuccessful.

In *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998), however, the Sixth Circuit made clear that:

> [E]very Court of Appeals has held that a lawyer's failure to appeal a judgment in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. . . .  We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment.

Courts of appeal have often held that an appeal waiver in a plea agreement does not defeat a claim of ineffective assistance of counsel for failure to file a notice of appeal when requested by the defendant.  *See United States v. Garrett,* 402 F.3d 1262, 1266-67 (10th Cir. 2005) (finding that if criminal defendant asks counsel to file appeal, and counsel ignores the request, defendant is entitled to delayed appeal regardless of a plea agreement waiving many of the defendant's appellate rights.); *Sandoval-Lopez,* 409 F.3d at 1197-98 (same); *Carrion v. United States,* 107 F. App'x 545 (6th Cir.2004) (same); *Heiss v.. United States,* 24 F. App'x 599 (7th Cir. 2001) (same).  *See also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodener*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v.*

*Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 (8th Cir. 1988).

The court conducted an evidentiary hearing on March 5, 2007, on the issue of whether Defendant's attorney consulted with Defendant relating to an appeal. During the hearing, Defendant called to the stand four witnesses: his former attorney, Sanford Schulman, Defendant Dozier, Dozier's mother, Rosemary White and her husband Michael White.

Schulman testified first that he left the courtroom immediately after the sentencing. He also clearly stated that no request was ever made by Defendant, or anyone else, to file an appeal either then or at any later time. He said that he was hired to represent Defendant at the plea and the sentencing, but not on appeal. He had exactly one letter from Defendant, dated August 4, 2004 (one year post-sentencing), in which Defendant asks Schulman to "take the time to review [his] case" in light of *Blakely v. Washington,* 542 U.S. 296, which had been decided June 24, 2004. Within the ten-day time limit for filing an appeal (on which the court had specifically advised Defendant at the conclusion of sentencing), Schulman said there was not only no discussion of appeal, but that there were no appealable issues, in his opinion. He said that if he had been asked to file a notice of appeal, which he often is, he would have followed his standard business protocol and done so, followed in this case by an *Anders* brief alleging no appealable issues.

Defendant testified that after sentencing he felt "really shook up," and that soon thereafter Schulman met with in the lockup downstairs in the courthouse. There, Defendant said, he requested that Schulman appeal his sentence. He testified that he

5

later made no calls nor sent any letters to Schulman specifically about an appeal, nor in any other way inquired of Schulman about the progress of an appeal.  When presented with the August 4, 2004, letter, Defendant confirmed that he had sent it.

     Defendant's mother, Mrs. White, testified that immediately after the sentence was imposed, Schulman met with her, within the hearing of her husband, in the hallway outside of the courtroom.  During a very few minutes of conversation Schulman said that he would appeal and that the sentence was "too much time," and more than should have been imposed.  She said that she telephoned the attorney's office a few times and that he never returned her calls. She never wrote him to inquire about an appeal.  She was never told after the day of sentencing anything about an appeal.

     Michael White testified that he is the stepfather of Defendant and that he heard in the hallway outside of court Schulman saying something to his wife about the sentence being too much and something about an appeal.  He said he didn't hear all of the conversation, and was not clear about the contents of what he did hear.

     In reviewing the evidence, the court finds Mr. Schulman's testimony credible. Defendant has not presented evidence, aside from his own testimony, that he asked counsel to file an appeal on his behalf.  Mr. Schulman's testimony was clear, confident, and believable.

     The testimony of Mrs. White is not credited by the court.  The court recalls, as detailed on the record in the instant hearing, that Mrs. White had presented to the court a detailed and passionate exculpatory story for her son in a pre-sentencing letter to the court, the resolution of which consumed considerable additional time at the sentencing hearing.  The court announced its agreement with the Defendant's own assessment,

expressed at his sentencing, that his mother simply did not understand the situation sufficiently to have a clear view of the facts in presenting that letter to the court. She was writing out of a combination of confusion and compassion. The court concludes much the same in this instance. The recitation of an uninformed layperson such as Mrs. White about the significance of an attorney's post-sentencing discussion, even in combination with the somewhat-supportive testimony of Mr. White, does not suffice to convince the court that Defendant proved that he had requested the attorney to file an appeal. Indeed, the hallway discussion at issue here was supposed to have occurred *before* Schulman went down the lockup to visit with Defendant.

The court finds that Defendant has not proved that he asked his attorney to file an appeal on his behalf. There was no violation of the principles of *Ludwig* and no ineffective assistance of counsel shown. The court will accordingly deny the remaining claim asserted in Defendant's § 2255 motion.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Dkt. # 24] is DENIED

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2007, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522